NUMBER 13-09-00056-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CRISTOBAL GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Cristobal Garcia, appeals from the revocation of his community
supervision. On November 9, 2007, pursuant to a plea bargain agreement, appellant
pleaded guilty to the burglary of a building, a state-jail felony. See Tex. Penal Code Ann.
§ 30.02(a), (c)(1) (Vernon 2003). The trial court sentenced appellant to eighteen months'
confinement in a state jail facility and assessed a fine of $1,500.00, restitution in the
amount of $2,396.00, and court costs. The court suspended imposition of the sentence
and placed appellant on community supervision for three years.

 On September 24, 2008, the State filed its motion to revoke appellant's community
supervision, alleging that appellant had violated his community supervision when he failed
to report, to pay supervisory fees, and to pay crime stopper fees. At the evidentiary
hearing, appellant pleaded true to the allegations in the motion. A stipulation that appellant
was the same person placed on community supervision in January 2007 and a stipulation
and confession that appellant admitted to the violations were admitted into evidence. The
documents were signed by appellant and approved by the trial court and counsel for the
State and for appellant. The trial court revoked appellant's community supervision. 
Declining to follow the agreed recommendation of twelve months' confinement, the trial
court sentenced appellant to eighteen months' confinement in a state jail facility. It also
reassessed costs and fines. This appeal ensued.

 Concluding "[t]his appeal is frivolous and without merit," appellant's counsel filed a
brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that "[t]here are
no meritorious points of error to present." Counsel's brief discusses the relevant portions
of the record. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In
Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and
set out pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). Including record references to the facts and setting out pertinent legal
authorities, appellant's counsel has discussed why, under controlling authority, there are
no errors in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App. [Panel Op.] 1978).

 After searching the record and researching the applicable law, counsel has found
no reversible error reflected by the record and has forwarded a copy of the brief and
request to withdraw as counsel to appellant. Counsel also informed appellant of his right
to review the record and to file a pro se response. (1) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More than an
adequate period of time has passed, and appellant has not filed a pro se response. See
In re Schulman, 252 S.W.3d at 409.II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on April 16, 2009. Within five days of the date
of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to
appellant and to advise appellant of his right to file a petition for discretionary review. (2) See
Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 2nd day of July, 2009.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.